UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. BATES; HEATHER M. BATES,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNTRUST MORTGAGE, INC., a Virginia corporation; SETERUS, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, ALL PERSON UNKNOWN, CLAIMING ANY LEGAL OR RQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO, DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:13-cv-01402-TLN-DAD<br><br>**ORDER** |

   This matter is before the Court pursuant to two separate motions to dismiss.  Defendants Seterus, Inc. ("Seterus") and Mortgage Electronic Registration Systems, Inc. ("MERS") collectively filed a Motion to Dismiss Plaintiffs' Complaint on July 22, 2013.  (ECF No. 7.)  The following day, Defendant SunTrust Mortgage, Inc. ("SunTrust") also filed a Motion to Dismiss

1

Plaintiffs' Complaint. (ECF Nos. 8.) Plaintiffs Kenneth A. Bates and Heather M. Bates (hereinafter collectively referred to as "Plaintiffs") have filed an opposition to both motions. (ECF Nos. 10, 11.) The Court has carefully considered the arguments presented by both parties. For the reasons set forth below, Defendants' motions to dismiss (ECF Nos. 7, 8) are both GRANTED.

I.   Factual Background

On December 14, 2006, Plaintiffs obtained a primary loan in the amount of $344,000.00[1] and a secondary loan in the amount of $64,500.00 from the San Francisco Police Credit Union ("SFPCU"), in order to purchase the real property located at 770 Teton Lane, Tracy, California 95376 (the "subject property"). (Compl., ECF No. 1 at ¶¶ 2, 8, 9.) Each loan was secured by a Note and a Deed of Trust on the property, in which SFPCU was the trustee. (ECF No. 1 at ¶ 8, 9.)

On December 28, 2006, SFPCU assigned all of its rights under both notes and deeds of trust to SunTrust, as recorded by SFPCU in the official records of the San Joaquin County Recorder's Office.[2] (ECF No. 1 at ¶¶ 11–12.) On January 17, 2007, both notes and both deeds of trust were marked as "Paid." (ECF No. 1 at ¶ 13). On January 24, 2007, SFPCU executed a full reconveyance, as trustee, under the deed of trust and the secondary deed of trust. (ECF No. 1, Ex. C, Ex. D.) The full reconveyances contain the following relevant language: "SF Police [Credit] Union, as duly appointed Trustee under Deed of Trust … does hereby RECONVEY, without warranty, to the person or persons legally entitled thereto, the estate now held by it hereunder." (ECF No. 1, Ex. C, Ex. D.) Thereafter, SFPCU forwarded the original copies of the first note and both deeds of trust to Plaintiffs by mail. (ECF No. 1 at ¶ 16.) Each of those documents bore a stamp and handwriting stating, "PAID Date 1-17-07." Id.

---

[1] The Court notes that the dates alleged by both parties conflict. For example, in the complaint, Plaintiffs state the Note and Deed of Trust were executed with the $344,000.00 loan on December 18, 2006. (ECF No. 1 at ¶ 8.) In contrast, Exhibit A, the original Deed of Trust, and Defendants SunTrust and MERS' Motion to Dismiss indicate that the Note and Deed of Trust were executed with the $344,000.00 loan on December 14, 2006. (ECF No. 1, Ex. A. ECF No. 8 at 2:11–12.) Because these dates do not affect the arguments presented by either party, the Court utilizes the facts provided by Plaintiffs, the non-moving party.

[2] The Court notes that in its Motion to Dismiss, Defendant SunTrust states that both deeds of trusts were assigned to SunTrust on January 4, 2007. (ECF No. 8 at 2:21–25.) There are no exhibits to substantiate the date, so Plaintiffs' facts will be assumed to be correct.

On December 12, 2012, a corporate assignment of the deed of trust was recorded in which SunTrust assigned all beneficial interest under the first deed of trust to MERS. (ECF No. 8 at 3:5–6.) On March 15, 2013, a corporate assignment of the deed of trust was recorded in which SunTrust assigned all beneficial interest under the secondary deed of trust to MERS. (ECF No. 8 at 3:7–9.) Plaintiffs filed their complaint in the instant action on March 15, 2013, requesting quiet title and declaratory relief. (ECF No. 1.) SunTrust, Seterus, and MERS move this Court to dismiss Plaintiffs' claims. (ECF Nos. 7, 8.)

II. <u>Standards of Applicable Law</u>

**A. Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). In determining the adequacy of the pleading, the Court must determine whether a plaintiff would be entitled to some form of relief if the facts alleged in the complaint were true. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft</u>, 556 U.S. at 678 (internal quotations omitted). Moreover, the factual matter must state a claim to relief that is plausible on its face. <u>Id</u>. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (internal quotations omitted).

A complaint will not be dismissed under 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to relief." <u>Yamaguchi v. Dep't of the Air Force</u>, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting <u>Lewis v. Telephone Emps. Credit Union</u>, 87 F.3d 1537, 1545 (9th Cir. 1996)). "All allegations of material

3

fact are taken as true and construed in the light most favorable to the nonmoving party." <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337–38 (9th Cir. 1996).

### B. Quiet Title

An action to quiet title is a claim brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020.  In a quiet title action, two conditions must be met.  First, a complaint must be verified and include "(1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." <u>Permpoon v. Wells Fargo Bank Nat'l Ass'n</u>, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *5 (S.D. Cal. Sept. 29, 2009) (citing Cal. Civ. Proc. Code § 761.020).  Second, a plaintiff must pay or offer to pay any outstanding debts on the subject property before the action to quiet title is commenced.  <u>Hamilton v. Bank of Blue Valley</u>, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010); <u>Phillips v. Wells Fargo Bank, N.A.</u>, No. 09CV1486-H (BLM), 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009).

### C. Declaratory Relief

"Claims for declaratory relief … are ultimately prayers for relief, and not causes of action." <u>Javaheri v. JP Morgan Chase Bank, N.A.</u>, No. 2:10-cv-08185-ODW (FFMx), 2012 WL 3426278 at *8–9 (C.D. Cal. Aug. 13, 2012) (citing <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010)).  28 U.S.C. § 2201 provides, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issues nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985).  A claim for declaratory relief is unnecessary where an adequate remedy exists under another cause of action.  <u>Mangindin v. Washington Mut. Bank</u>, 637 F. Supp. 2d 700,

707 (N.D. Cal. 2009).

A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are dismissed.  See, e.g. Permpoon, 2009 U.S. Dist. LEXIS 89723, at *14 ("The Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action.  Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary.").  Therefore, a plaintiff "is not entitled to such relief absent a viable underlying claim." Id. (citing Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011)).

III.    Analysis

**A. Statute of Limitations**

Plaintiffs filed the Complaint in the instant case in 2013.  Defendants Seterus and MERS contend that the four year statute of limitations on both of Plaintiffs' claims started to run in January 2007 when Plaintiffs were notified of Defendants' interest and are thus barred by the statutes of limitations.  (ECF No. 7 at 3:3–15, 26–27.)

Plaintiffs argue that the two claims are not barred by the four year statutes of limitations because the wrongful act that triggered the statute of limitations was actually a series of wrongful acts.  (ECF No. 10 at 7:9–12.)  More specifically, Plaintiffs claim that each month that they were billed for the loan constituted a wrongful act.  (ECF No. 10 at 4:3–6.)  Plaintiffs state that under the "continuous accrual" doctrine, where a series of wrongful acts have occurred, each individual act restarts the statute of limitations timeframe.  (ECF No. 10 at 4:9–10.)  Therefore, because Plaintiffs are still being billed on a monthly basis, each monthly bill restarted the statute of limitations and thus, the claims are not barred. (ECF No. 10 at 5:4–9.)

The Court agrees with Plaintiffs.  California courts have found that the continuous accrual doctrine generally applies whenever there is a continuing or recurring obligation.  Beebe v. Mobility, Inc., No. 07CV1766 BTM NLS, 2008 WL 474391, at *4 (S.D. Cal. Feb. 20, 2008) (citing Hogar Dulce Hogar v. Cmty. Dev. Comm'n, 110 Cal. App. 4th 1288, 1295 (2003)). Under the theory of continuous accrual, "a cause of action accrues each time a wrongful act

5

occurs, triggering a new limitations period." DC Comics v. Pac. Pictures Corp., 938 F. Supp. 2d 941, 949 (C.D. Cal. 2013) (citing Aryeh v. Canon Bus. Solutions, 55 C. 4th 1185, 1199 (2013)). Taking Plaintiffs' factual allegations as true, Defendants committed a wrongful act each month when they sent Plaintiffs a loan bill. These monthly bills have been continuously sent and paid by Plaintiffs thru the current date. (ECF No. 1 at ¶ 10.) Thus, pursuant to the continuous accrual doctrine, the statute of limitations does not bar Plaintiffs' claims.

**B. Quiet Title**

As previously stated herein, to state a claim for quiet title, Plaintiffs must have paid or offered to pay any outstanding debts on the subject property before the action to quiet title is commenced. Hamilton, 746 F. Supp. 2d at 1177–78; Phillips, 2009 WL 3756698, at *5. Plaintiffs provide several factual allegations in the Complain. However, Plaintiffs fail to show that they have paid or offered to pay their debt as required to substantiate a quiet title claim. In fact, Plaintiffs admit, "[t]he Complaint does not allege that Plaintiffs paid the sums described in the Notes and Deeds of Trust …" (ECF No. 10 at 3:1–2.)

A quiet title claim fails when the complaint does not state that debt has been tendered or that plaintiffs are able and willing to tender indebtedness. Hamilton, 746 F. Supp. 2d at 1177–78. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); *see also* Hamilton, 746 F. Supp. 2d at 1177–78 ("With the complaint's absence of a meaningful ability or willingness to tender [plaintiffs'] indebtedness, a purported quiet title claim fails."); Mix v. Sodd, 126 Cal. App. 3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt"). Here, because Plaintiffs admit that their debts have not been repaid and have not offered to tender their debts, Plaintiffs cannot claim quiet title. (ECF No. 10 at 3:1–2.)

Plaintiffs allege that the tender requirement set forth in Shimpones and Aguilar does not apply because those cases involve a quiet title claim based on an expired statute of limitations and

alleged fraud in a Trustee's Sale. (ECF No. 11 at 4:23–26.) Plaintiffs assert that because the facts of the instant case do not involve a quiet title claim based on fraud or statute of limitations, Shimpones and Aguilar are inapplicable. (ECF No. 11 at 5:1–3.) However, the statements of law contained in Shimpones and Aguilar are not specific to fraud or statute of limitations cases. Instead, both cases state general rules of law and then apply these rules to their facts. Thus, Plaintiffs' argument is not persuasive, especially in light of other cases that cite to Shimpones and Aguilar and utilize the rule of law stated therein where fraud or statute of limitations claims are not at issue. *See* Hamilton, 746 F. Supp. 2d at 1165.

Plaintiffs also argue that payment or offer of payment of indebtedness is not required because quiet title claims can be made to address mistakes made in the execution and recording of a document which affect the title of property. (ECF No. 11 at 5:18–21.) Plaintiffs only cite one case in support of this argument, 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc., 85 Cal. App. 4th 1279. In 6 Angels, the court upheld a trial court decision to quiet title concerning the purchase of a property at a trustee's sale where the beneficiary's opening bid was mistakenly announced at $10,000.00 instead of $100,000.00. (6 Angels, Inc., 85 Cal. App. 4th at 1279.) The facts in 6 Angels are not analogous to that of the instant action because the purchaser in 6 Angels actually tendered the entire amount owed on the property. Id. In contrast, Plaintiffs have not tendered the contracted amount. (ECF No. 10 at 3:1–2.) Instead, it appears that Plaintiffs are alleging that a mistake was made in recording Defendants' liens on the property and are seeking to take advantage of the situation. Without providing sufficient facts to demonstrate that Plaintiffs paid or offered to pay the outstanding debt on the subject property, Plaintiffs cannot substantiate a claim for quiet title. For this reason, Defendants' motions to dismiss Plaintiffs' quiet title claim are GRANTED.

**C.  Declaratory Relief**

Claims for declaratory relief are not independent causes of action, but rather the ultimate prayer for relief. Lane, 713 F. Supp. 2d at 1104. A plaintiff is not entitled to such relief without a viable underlying claim, so when the underlying claim is dismissed, the declaratory relief cause

of action must be dismissed as well. Shaterian, 829 F. Supp. 2d at 888; Permpoon, 2009 U.S. Dist. LEXIS 89723, at *14.  In this case, the claim for declaratory relief was based on the quiet title claim.  As stated above, the quiet title claim has been dismissed and therefore the declaratory relief claim must also be dismissed.  On this basis, SunTrust, Seterus, and MERS' motions to dismiss Plaintiffs' declaratory relief claim (ECF Nos. 7, 8) are GRANTED.

IV.     Conclusion

For the foregoing reasons, Seterus and MERS' Motion to Dismiss Plaintiffs' Complaint (ECF No. 7) is GRANTED, and SunTrust's Motion to Dismiss Plaintiffs' Complaint (ECF No. 8) is GRANTED.  Therefore, it is hereby

ORDERED AND ADJUDGED that

1. Defendants Seterus and MERS' motion to dismiss Plaintiffs' first claim for declaratory relief is GRANTED;

2. Defendant SunTrust's motion to dismiss Plaintiffs' first claim for declaratory relief is GRANTED;

3. Defendants Seterus and MERS' motion to dismiss Plaintiffs' second claim for quiet title is GRANTED;

4. Defendant SunTrust's motion to dismiss Plaintiff's second claim for quiet title is GRANTED; and

5. Plaintiffs may file an amended complaint within thirty days of the entry of this order. Failure to do so will result in this case being closed.

IT IS SO ORDERED.

Dated: December 9, 2013

Troy L. Nunley
United States District Judge