**AKERMAN LLP**
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
KATALINA BAUMANN (SBN 278606)
Email: katalina.baumann@akerman.com
EVAN ANDERSON (SBN 276438)
Email: evan.anderson@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. BATES, HEATHER M. BATES,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNTRUST MORTGAGE, INC.; a Virginia corporation, SETERUS, INC. a Delaware corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is a Delaware corporation, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO, DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:13-cv-01402-TLN (DADx)<br><br>Assigned to Hon. Troy L. Nunley<br><br>**DEFENDANT SUNTRUST MORTGAGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Documents Filed Herewith:<br>1.  Request for Judicial Notice<br>2.  [Proposed] Order<br><br>Hearing Information:<br>Date: February 27, 2014<br>Time: 2:00 p.m.<br>Ctrm: 2<br><br>Complaint Filed: March 15, 2013<br>Removed on: July 9, 2013<br>FAC Filed: January 9, 2014 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2014, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 2 of the above-entitled Court located at 501 I Street, Sacramento, California 95814, defendant SunTrust Mortgage, Inc. (**SunTrust**) will move this Court to dismiss, with prejudice, plaintiffs Kenneth A. Bates and Heather M. Bates' (the **Bates** or **Plaintiffs**) first amended complaint (**FAC**).

This motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is based on the ground that plaintiffs have failed to state a claim upon which relief may be granted and the amended complaint is barred as a matter of law.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: January 23, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Bryan M. Leifer*
　　　Bryan M. Leifer
　　　Katalina Baumann
Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................1

II.   RELEVANT FACTS............................................................................................2

III.  LEGAL STANDARD ..........................................................................................3

IV.  LEGAL ARGUMENT .........................................................................................4

    A.   The FAC Fails to State Any Valid Claim Against SunTrust......................... 4

    B.   The Bates' First Claim for Declaratory Relief Fails Because the Substantive Quiet Title Claim Fails............................................................... 6

    C.   The Bates' Second Claim For Quiet Title Fails Because No Sufficient Tender or Offer to Tender is Alleged. ........................................................... 7

        1.  The Bates' Quiet Title Claim is Barred by Their Failure to Pay the Debt Secured................................................................................................................8

        2.  SunTrust Maintains No Adverse Interest to Quiet Title. ...........................9

        3.  The FAC is Not Verified by All the Named Plaintiffs. ............................10

V.   CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Bocci*,
  39 Cal. App. 3d 475 (1974) ...................................................................................8

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ....................................................................................3, 4, 5

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) ..............................................................................3, 4

*Bautista v. Los Angeles County*,
  216 F.3d 837 (9th Cir. 2000) ..............................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................3, 4, 5

*Conley v. Gibson*,
  355 U.S. 41 (1957) ...............................................................................................5

*Dickson, Carlson & Campillo v. Pole*,
  83 Cal. App. 4th 436 (2000) ................................................................................1

*Dooms v. Fed. Home Loan Mortgage Corp.*,
  CV F 11-0352 LJO DLB, 2011 WL 1303272 (E.D. Cal. Mar. 31, 2011) ..........8

*Hamilton v. Bank of Blue Valley*,
  746 F. Supp. 2d 1160 (E.D. Cal. 2010) ...............................................................7

*Hamilton v. Bank of Blue Valley*,
  746 F. Supp. 2d 1177 ...........................................................................................9

*Javaheri v. JP Morgan Chase Bank, N.A.*,
  2012 WL 3426278 (C.D. Cal. Aug. 13, 2012) ....................................................6

*Jones v. Community Redev. Agency*,
  733 F.2d 646 (9th Cir.1984) ................................................................................4

*Kelley v. Mortgage Electronic Registration*,
  642 F. Supp. 2d 1048 (2009) ...............................................................................8

*Lane v. Vitek Real Estate Indus. Grp.*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ...............................................................6

*Lupertino v. Carbahal*,
  35 Cal. App. 3d 742 (1973) .................................................................................9

*Manown v. Cal-Western Reconveyance Corp.*,
  2009 WL 2406335 (S.D. Cal. Aug. 4, 2009) .......................................................6

*Mix v. Sodd*,
  126 Cal. App. 3d 386 (1981) ...............................................................................8

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*,
  2009 WL 3214321 (S.D. Cal. Sept. 29, 2009) ....................................................5

*Shaterian v. Wells Fargo Bank, N.A.*,
  829 F. Supp. 2d 873 (N.D. Cal. 2011) ..............................................................6, 7

*Shimpones v. Stickney*,
  219 Cal. 637 (1934) ....................................................................................1, 8, 9

*Sipe v. McKenna*,
  88 Cal. App. 2d 1001 (1948) ...............................................................................8

*United States v. Washington*,
    759 F.2d 1353 (9th Cir. 1985) ...............................................................................6
*Yamaguchi v. United States Department of Air Force*,
    109 F.3d 1475 (9th Cir.1997) ................................................................................4

**Statutes**

28 U.S.C. § 2201 ...........................................................................................................6
California Civil Procedure Code § 760.020...................................................................7

**Other Authorities**

Moore's Federal Practice ¶ 8.13 (2d Ed. 1983)............................................................5
Pomeroy Equity Jurisprudence §385 (5th ed. 1941).....................................................1

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .....................................................................4
Federal Rule of Civil Procedure 8...........................................................................4, 5
Federal Rule of Civil Procedure 8(a)(2).......................................................................5
Federal Rule of Civil Procedure 8(d)(1) .......................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Bates' quiet title action still cannot survive a motion to dismiss because they failed to allege any tender of the amount owing under their loans.  On December 10, 2013, this Court held that payment or an offer to pay any outstanding debts on the subject property is a ***condition*** to any quiet title claim.  *See* 12-10-13 Order, 4:12-13, Docket #17.  The Bates still fail to meet this fundamental prerequisite under California law.

A quiet title action is an equitable action.  *Shimpones v. Stickney*, 219 Cal. 637, 678 (1934).  And what surpasses the Bates' entire amended complaint—and permeates in the defense—is the underlying principle of equity.  The rationale for this tender requirement stems from the equitable principal that the plaintiffs must first satisfy any obligation under the property to quiet title in their name free and clear.  *Id.*  In fact, the age-old adage: "One who seeks equity must do equity" is a fundamental maxim of California jurisprudence.  *Dickson, Carlson & Campillo v. Pole*, 83 Cal. App. 4th 436 (2000), *citing* 2 Pomeroy, Equity Jurisprudence (5th ed. 1941) §385, pp. 51-53.  As this Court already determined, without providing sufficient facts demonstrating a complete payment or offer to pay, the Bates cannot quiet title.  *See* 12-10-13 Order, 6:23-25.

Rather than allege any payment, the Bates continue to harp on a purported mistake in the loan documents that reconveyed the loans.  The Bates, however, admit to borrowing $408,500.00, and continue to make all payments under the terms and conditions of the loans.  (FAC ¶¶ 8-10.)  But the Bates do not allege they themselves paid off their loans, or made any offer to pay off their loans—quite simply because they have never tendered the entire amount owed.  The Bates, instead, seek to circumvent their repayment obligations, and request this Court inequitably award them a house without repaying what they borrowed.  But as this Court recognized: the Bates "are seeking to take advantage of the situation." *See* 12-10-13 Order, 7:19-20.  Without a valid tender of the full indebtedness, the Bates' quiet title action dies, and no further

amendment can revive this fatality; the FAC should be dismissed with prejudice.

## II. RELEVANT FACTS

On December 14, 2006, the Bates obtained a loan from the San Francisco Police Credit Union (**SFPCU**) in the amount of $344,000.00 secured by a deed of trust on the property located at 770 Teton Lane, Tracy, California 95376 (the **property**). (FAC ¶¶ 2 and 8; Request for Judicial Notice filed concurrently with this motion (**RJN**), Ex. 1.) On the same day, the Bates obtained a second loan from the San Francisco Police Credit Union in the amount of $64,500.00 secured by a secondary deed of trust on the property. (FAC ¶ 9, Ex. B; RJN Ex. 2.)

An assignment of deed of trust was recorded by SFPCU in the official records of the San Joaquin County Recorder's Office on January 4, 2007, in which SFPCU, as trustee, assigned the deed of trust to SunTrust. (RJN Ex. 3.) On the same day, a second assignment of deed of trust was recorded by SFPCU, in which SFPCU, as trustee, assigned the secondary deed of trust to SunTrust. (RJN Ex. 4.)

On January 26, 2007, SFPCU recorded a full reconveyance, as trustee, under the first deed of trust. (RJN Ex. 5.) On the same day, SFPCU also recorded a full reconveyance, as trustee, under the secondary deed of trust. (RJN Ex. 6.) The full reconveyances contain the following language: "SF Police Credit Union, as duly appointed Trustee under Deed of Trust….does hereby RECONVEY, without warranty, to the person or persons legally entitled thereto, the estate now held by it hereunder." (RJN Exs. 5 & 6.)

On December 12, 2008, a corporate assignment of deed of trust was recorded in which SunTrust assigned all beneficial interest under the first deed of trust to MERS. (RJN Ex. 7.) On March 15, 2013, another corporate assignment of deed of trust was recorded, in which SunTrust assigned all beneficial interest under the secondary deed of trust to MERS. (RJN Ex. 8.) Defendant Seterus, Inc. is the loan servicer under the first deed of trust, and defendant SunTrust is the loan servicer under the secondary deed of trust.

1  The Bates filed their complaint in the instant action on March 15, 2013 in the San Joaquin County Superior Court.  SunTrust timely removed this action on the basis of diversity jurisdiction to the United States District Court for the Eastern District of California on July 15, 2013, and moved to dismiss.  This Court granted SunTrust's motion to dismiss on December 10, 2013, with leave to amend.  The Bates filed an amended complaint on January 9, 2014, and SunTrust moves to dismiss the amended complaint for failure to state a claim.

### III.   LEGAL STANDARD

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (courts need not accept as true unreasonable inferences or conclusory legal allegations cast as factual allegations).  Under Fed. R. Civ. P. 8, a "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000).  U.S. Supreme Court cases have set forth the appropriate standard of review for motions to dismiss.  *Bell Atlantic Corp. v. Twombly* held that a complaint should be dismissed if it fails to provide grounds for plaintiff's entitlement to relief.  550 U.S. 544, 555-556 (2007) (mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss).

The Supreme Court in *Ashcroft v. Iqbal* reviewed the motion to dismiss standard, finding a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. 662, 678 (2009).  This means "naked assertions devoid of further factual enhancement" do not suffice.  *Id.* at 678 (internal quotation omitted).  The *Iqbal* court further stated "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  A claim only has "facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* at 678 (citing *Twombly*, 550 U.S. at 556).  Plaintiffs' FAC fails under the *Iqbal* and *Twombly* pleading standards.

### IV.   LEGAL ARGUMENT

#### A.   The FAC Fails to State Any Valid Claim Against SunTrust.

The Bates' FAC fails to meet the pleading standards under Fed. R. Civ. P. 8, which requires them to "plead a short and plain statement of the elements of [their] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, *supra*, 216 F.3d at 840; *Balistreri v. Pacifica Police Dep't*, *supra*, 901 F.2d at 699 (a complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under cognizable legal theory).

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.  "Prolix, confusing complaints...impose unfair burdens on litigants and judges." *Id.* at 1179.

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*,109 F.3d 1475, 1481 (9th Cir.1997  Despite the flexible pleading policy of the F.R.C.P., "a pleading must 'give fair notice and state the elements of the claim plainly and succinctly.'" *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984) (*quoting* J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13

at 8-111 (2d Ed. 1983)).  Plaintiffs must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiffs' claim.  A complaint does not suffice "if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).  The U.S. Supreme Court explained: while, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.  *Twombly*, 550 U.S. at 556, n. 3.

Here, the Bates fail to specifically allege which defendants they bring their first and second causes of action against.  The Bates' FAC fails even the most liberal construction of Rule 8, and falls short of the *Twombly/Iqbal* standard.  The FAC does not distinguish between the alleged conduct of SunTrust and the other defendants, or what claims or interest each defendant maintains.  The ambiguity of the Bates' FAC is dramatized by their failure to present any facts as to how their two loans were even paid in full within weeks of obtaining them. (FAC ¶¶ 8, 9, 14, 15.)  Even more puzzling are the allegations in the FAC stating the Bates "continue to make all payments under the terms and conditions of the Notes and Deeds of Trust" in contrast with their alleged quiet title claim seeking to obtain a house free and clear of such loans. (FAC ¶¶ 10, 14, 15.)  From the FAC, the Bates remain obligated under the deeds of trust, which they acknowledge by their continued payments on both loans. (FAC ¶ 10.)  The Bates' allegations contained in the FAC fails to put SunTrust on notice of the claims alleged. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, 2009 WL 3214321 at *14 (S.D. Cal. Sept. 29, 2009 (finding a quiet title cause of action against all defendants without specifying the adverse claims was insufficient to give defendants notice of grounds upon which plaintiffs based their cause

of action).

## B. The Bates' First Claim for Declaratory Relief Fails Because the Substantive Quiet Title Claim Fails.

As this Court determined in its December 10, 2013 Order, "Claims for declaratory relief…are ultimately prayers for relief, and not causes of action." *Javaheri v. JP Morgan Chase Bank, N.A.*, No. 2:10–cv–08185–ODW (FFMx), 2012 WL 3426278 at *8-9 (C.D. Cal. Aug. 13, 2012) (*citing Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010)). Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985). A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *Manown v. Cal-Western Reconveyance Corp*., 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).

A declaratory relief cause of action, moreover, cannot survive a motion to dismiss when the substantive claims on which it is based are dismissed. *See, e.g., Permpoon v. Wells Fargo Bank Nat'l Ass'n*, , 2009 WL 3214321 at *14 ("The Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary.") A plaintiff "is not entitled to such relief absent a viable underlying claim." *Id.*, *citing Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011).

Here, the FAC alleges a controversy exists between defendants and the Bates concerning their rights arising from the notes and the deeds of trust Plaintiffs executed on December 14, 2006. (Compl. ¶ 18.) Declaratory relief will not serve a useful

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

purpose because it is apparent the Bates are aware of their payment obligations under both notes and deeds of trust as manifested by their continued mortgage payments. (FAC ¶ 10.) The Bates, moreover, are not entitled to declaratory relief without a viable underlying claim. Because the Bates' quiet title claim fails, the declaratory relief cause of action must similarly be dismissed. *Shaterian*, *supra*, 829 F. Supp. 2d at 888; *Permpoon*, *supra*, 2009 WL 3214321, at *14. As elaborated in detail below, the Bates' underlying quiet title claim fails because there is no valid payment or offer to pay off the loans.

### C. The Bates' Second Claim For Quiet Title Fails Because No Sufficient Tender or Offer to Tender is Alleged.

As the Eastern District held: "a quiet title claim is doomed in the absence [of a borrower's] tender of amounts owed." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177-78 (E.D. Cal. 2010). Because the Bates failed to comply with this Court's order and allege any tender of their indebtedness, the entire action should be dismissed with prejudice. *See* 12-10-13 Order, 6:23-25.

An action to quiet title is a claim brought "to establish title against adverse claims to real or personal property or any interest therein." Civ. Proc. Code § 760.020. To state a quiet title claim, a complaint must be verified and include (a) a legal description of the property and its street address or common designation, (b) the title of the plaintiff and the basis of the title, (c) the adverse claims to the title of the plaintiff, (d) the date as of which the determination is sought, and (e) a prayer for the determination of the title of the plaintiff against the adverse claims. *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, *supra*, 2009 U.S. Dist. LEXIS 89723, at * (citing *Civ. Proc*. Code § 760.020). But the Bates' quiet title claim fails primarily because: (1) they failed to pay the entire indebtedness of the loans; (2) there is no adverse interest; and (3) the FAC is not verified by all the plaintiffs in this action.

### 1. The Bates' Quiet Title Claim is Barred by Their Failure to Pay the Debt Secured.

Courts have long held that under California law, any claim to quiet title cannot lie in the absence of tender. *Shimpones v. Stickney*, 219 Cal. 637, 678 (1934); *Dooms v. Fed. Home Loan Mortgage Corp.,* CV F 11-0352 LJO DLB, 2011 WL 1303272 (E.D. Cal. Mar. 31, 2011) (citing, *Shimpones v. Stickney*); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (2009). The California Supreme Court, in *Shimpones v. Stickney*, unequivocally held: "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones*, supra, 219 Cal. at 678; see also *Mix v. Sodd* 126 Cal. App. 3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 29 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt"). The Supreme Court explained that as the plaintiff "was asking that her title be quieted, it was a necessary requisite that she do equity under the well-settled authority of this state." *Id*. The Court in *Shimpones* ultimately found that "[i]t was clearly erroneous to quiet [the plaintiff's] title under the circumstances of her refusal to do equity." *Id*.

Courts throughout California have held and elaborated on this equitable principle accordingly. Particularly, the Second District California Appellate Court, in *Sipe v. McKenna*, stated: "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale[.]" *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948). Such holding is consistent with the tender doctrine, in that quiet title is an equitable claim, and a plaintiff in equity must do equity in order to obtain relief. *Shimpones*, *supra*, 219 Cal. at 678.

Here, the Bates cannot quiet title because they failed to allege that *they tendered* the indebtedness, or *they paid off the loan* with their own money. Instead, they purport

to take advantage of an error that the loans were "paid off" and mistakenly reconveyed. While the Bates continue to allege that the loans were "paid off," they still miss the mark—that is, *they are required* to pay off the loans.  The Bates admit they borrowed the money, and are making payments under the loan; the debt has not been completely repaid, and the Bates have not offered to tender the entire indebtedness.  (FAC ¶¶ 8-10.) "With the complaint's absence of a meaningful ability or willingness to tender [plaintiffs'] indebtedness, a purported quiet title claim fails." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d at 1177-78.  The FAC fails to provide sufficient facts to demonstrate *the Bates* paid or offered to pay the outstanding loans.

A plaintiff in a quiet title suit, moreover, cannot rely on the weakness of his adversary's title, but upon the strength of his own.  *Shimpones v. Stickney*, *supra*, 219 Cal. at 649.  Rather than assert their own claims to title, i.e. they paid off their loans, the Bates purport to attack the loan documents themselves, and what occurred between the lenders and the servicers.  But the main issue is clear: the Bates still owe money on a loan, and must repay what they borrowed to quiet title.  The Bates have failed to meet this essential prerequisite.

### 2. SunTrust Maintains No Adverse Interest to Quiet Title.

The Bates' quiet title action also fails because there is no adverse interest. SunTrust does not hold a property interest against the Bates; SunTrust is simply the loan servicer and maintains no adverse interest. Without an adverse interest, the Bates' action fails.

The Eastern District concluded that "title in a deed of trust carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt." *Hamilton v. Bank of Blue Valley*, *supra*, 746 F. Supp. 2d at 1177-78, *citing*, *Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 748 (1973).  As demonstrated by the title documents, the Bates are still the legal property owners.  The property has not been foreclosed, and the Bates continue to make payments under the loans.  (FAC ¶¶ 8-10.)  Because SunTrust maintains no adverse

interest against the property, the Bates cannot quiet title as against SunTrust. The Bates fail to state how SunTrust asserts any interest, other than their allegations that the loans were purportedly "paid off."

### 3. The FAC is Not Verified by All the Named Plaintiffs.

The Bates originally failed to verify their quiet title complaint under Code of Civil Procedure section 761.020. Now in the FAC, only Kenneth Bates verified the allegations, but this action is brought by both Kenneth and Heather Bates. Without a verification from both plaintiffs, the FAC still fails to comply with section 761.020 (to state a quiet title claim, "[t]he complaint must be verified").

### V. CONCLUSION

The Bates do not dispute they obtained loans, secured by deeds of trust, which were never fully repaid. In fact, it is undisputed plaintiffs have continued to make monthly payments on their loans. The Bates failed to cure the pleading deficiencies outlined by this Court in its prior order SunTrust's motion to dismiss. Because the Bates failed to tender the indebtedness, and SunTrust maintains no adverse interest in the property, the Bates quiet title action fails. This Court should dismiss the Bates' FAC in its entirety with prejudice.

Dated: January 23, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Bryan M. Leifer*
Bryan M. Leifer
Katalina Baumann
Attorneys for Defendant
SUNTRUST MORTGAGE, INC.